## OATS VS UNITED STATES.

Opinion delivered January 30, 1897.

1. *Larceny—Indictment—Description of Property.*

In an indictment for larceny "two calves of the value of ten dollars" is a sufficient description of the stolen property under § 2107 Mansf. Dig. providing that no indictment shall be held insufficient for "any defect which does not tend to the prejudice of the substantial rights of the parties."

2. *Larceny.—Jurisdiction of United States Courts in Indian Territory*

The act of March 1, 1895 confered upon the United States Cour in the Indian Territory jurisdiction from the date of its passage, to try offenses against the larceny law of Arkansas, put i force by that act.

3. *Continuance—Diligence.*

It is not error to overrule an application for continuance o account of absent witness, when the application shows that subpœna was issued, but does not show that it was placed i

the hands of an officer, nor where the witness lives, nor that it would have been possible for an officer to have served the subpœna between the time of the issuance of the subpœna and the trial, as no diligence is shown.

*4. Cross-examination--Impeachment of Witness.*

It is not error to permit on cross-examination, questions whose purpose is to impeach the witness, by showing that he has been indicted for larceny or other offenses involing moral turpitude.

Appeal from the United States Court for the Southern District.

C. B. KILGORE, Judge.

Henry B. Oats appeals from a conviction of larceny. Affirmed.

The opinion states the facts.

*J. C. Thompson* and *Chillion Riley*, for appellant.

1. Prior to the taking effect of the act of March, 1895, the United States Court in the Indian Territory had no jurisdiction of crimes committed in the Indian Territory which were punishable by death. Under said act, such court did not acquire jurisdiction of such crimes until September 1, 1895. Ex parte Mille, 135 U. S. 263; In re John Bonner, 151 U. S. 243.

2. The demurrer to the indictment should have been sustained as the description of the property charged to have been stolen as "two calves of the value of ten dollars" was too indefinite. State vs Oakley, 51 Ark. 112; 2 Bishop Crim. Proced. § § 699, 700 and 707; 1 Wharton Am. Crim. Law 377; Barton vs State, 29 Ark. 69.

3. It is improper, for the purpose of impeaching a witness, to ask "Have you ever been arrested for anything?"

Cole vs State, 59 Ark. 50; Cline vs State, 51 Ark. 140; Billings vs State, 52 Ark. 303; 1 Greenleaf on Evidence, § 457, 458 and 461; Anderson vs State, 34 Ark. 256; Can vs State, 43 Ark. 99; Hill vs Dous, 37 S. W. 638.

*A. C. Cruce,* for appellee.

The description of things stolen, assuming the value and ownership to be well laid, may be by any of such several expressions as, one sheep, a horse, one certain hog, one hide, etc.; 2 Bishop's New Criminal Procedure § 700.

LEWIS, J.   This is an appeal from a conviction for larceny. The property charged to have been stolen was described in the indictment as "two calves, of the value of ten dollars." Appellant demurred to the sufficiency of the indictment because it failed to describe the stolen property with enough certainty to apprise him of what he was charged with stealing. The point is urged that "calf" is a term applicable to the young of buffaloes and other animals, as well as to that of the domestic cow, and, therefore, not alone sufficient as a descriptive term. While this objection seems fanciful, it cannot be said to be unsupported by authority, though, happily, the trend of modern judicial opinion is to treat such refinements as without merit. Rap. Lar.; 2 Bish. New Cr. Proc. § 700, and authorities therein cited. In State vs Oakley, 51 Ark. 114, 10 S. W. 17, it is said that, as a general rule, the property taken should be described specifically by the name usually appropriated to it. Regardless of these considerations, the matter is set at rest, so far as this case is concerned, by section 2107 of Mansfield's Digest of the Laws of Arkansas, which enacts: "No indictment is insufficient, nor can the trial, judgment or other proceeding thereon, be affected by any defect which does not tend to the prejudice of the substantial rights of the defendant on the merits." The record does not disclose that appellant, unin-

*Indictment. Description.*

formed by the indictment, prepared to meet the charge of larceny of a buffalo calf or a young elephant; and was surprised when put to trial for the theft of the progeny of a domestic cow.     On the contrary, it shows that he was thoroughly advised of the issue he was to meet, and brought witnesses to disprove the identity of the very animal for whose taking he was convicted, and that he suffered no prejudice whatever by the defect in the indictment, if such should be held to exist.

2.     Objection is urged to the jurisdiction of the trial court.    The indictment was returned on October 17, 1895, and charged the commission of the offense on March 30th of that year.    By section 4 of the act of congress approved March 1, 1895, it is provided:    "The provisions of chapter 45 of Mansfield's Digest of the General Laws of Arkansas, entitled 'Criminal Law,' except as to the crimes and misdemeanors mentioned in the proviso of this section,    *   *   * are hereby extended to and put in force in the Indian Territory; and the jurisdiction to enforce said provisions is hereby conferred upon the United States Court in the Indian Territory: provided, that in all cases where the laws of the United States and the said criminal laws of Arkansas have provided for the punishment of the same offense, the laws of the United States shall govern as to said offenses, except for the crime of larceny, the punishment for which shall be that prescribed by the laws of the state of Arkansas, any law in force in said Indian Territory to the contrary notwithstanding.    Section 9 of the same act provides "that the United States Court in the Indian Territory shall have exclusive original jurisdiction of all offenses committed in said territory of which the United States Court in the Indian Territory now has jurisdiction; and after the first day of September, 1896, shall have exclusive original jurisdiction of all offenses against the laws of the United States committed in said territory, except such causes whereof the United States

Courts at Paris, Texas, Fort Smith, Arkansas, and Fort Scott, Kansas, shall have acquired jurisdiction before that time.'' It is urged, inasmuch as the punishment for the larceny of domestic animals, under the laws of Arkansas, is imprisonment in the penitentiary at hard labor, and inasmuch as the United States Court in the Indian Territory had not jurisdiction of offenses so punishable, except in enumerated cases, under the laws in force prior to the act of March 1, 1895, that by section 9 of said act its jurisdiction was limited, until September 1, 1896, to what it had prior to the adoption of said act. The language of section 9, considered alone, supports this contention; but, when read in connection with section 5, we think it establishes the jurisdiction of the trial court of the present offense, which was prosecuted under the larceny law of Arkansas. By the act of 1895 the punishment for larceny was declared to be that fixed by the law of Arkansas. It cannot be claimed that, prior to this act, the jurisdiction to punish according to the Arkansas larceny law had ever been in the United States Courts, within the Indian Territory or out of it, for the reason that that

Jurisdiction. law was not put in force until the act of March 1, 1895. The terms of that act conferred the jurisdiction to enforce this law upon the United States Courts in the Indian Territory. Whether that jurisdiction was exclusive or concurrent with that of the United States Courts at Paris, Ft. Smith, and Ft. Scott, as held by those courts, need not be determined.

3.    It is not shown that the court abused its discretion in overruling appellant's motion for continuance. That motion was made on October 7, 1895, and recites that appellant, on the —— day of September, caused the clerk to issue a subpœna for the absent witness. The application does not show that the subpœna was placed in the hands of an officer,

Continuance. nor where the witness resided, nor that it would have been possible for the officer to have served the witness with process in the time between the issuing out of the same and the

trial.   In the showing of dilligence, the application is fatally defective.

4.   Complaint is made that the court permitted a witness for the defense to be asked, in cross-examination, if he had been arrested and indicted, to which the witness replied that he had been arrested and indicted for larceny.   It is not error to permit, in cross-examination, questions whose purpose is to impeach the witness, by showing that he has been arrested or indicted for larceny or other offenses involving moral turpitude.   The point presented was fully considered in the case of Oxier vs U. S., 1 Ind. Ter. 85.   The proof is sufficient to support the verdict, and the judgment is affirmed.